IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, individually and a/s/o AUSTGEN EQUIPMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY and TJ MATERIALS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) No. ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs, UNITED FIRE & CASUALTY COMPANY, individually and a/s/o AUSTGEN EQUIPMENT, INC., by and through its attorneys, for its Complaint against Defendants, PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY and TJ MATERIALS, LLC, states as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. UNITED FIRE & CASUALTY COMPANY ("UNITED FIRE") is an insurance carrier incorporated in the State of Iowa, with its principal place of business located in Cedar Rapids, Iowa.

2. PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY ("PROGRESSIVE") is an insurance carrier incorporated in the State of Indiana, and has its principal place of business located in Cleveland, Ohio.

1

3. TJ MATERIALS, LLC ("TJ") is an Indiana domestic limited liability company, with its principal place of business in Demotte, Indiana. Upon information and belief, all the members of the limited liability company are residents of the Stater of Indiana.

4. While AUSTGEN EQUIPMENT, INC. ("AUSTGEN") is an Indiana corporation, it is not a party to this action. All monies for the claims being made in the subrogation portion of this action were paid fully by UNITED FIRE.

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332, as there is diversity of jurisdiction between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## COUNT I-PROGRESSIVE
## (DECLARATORY RELIEF)

7. At all relevant times, TJ Materials, LLC was a named insured under a policy of insurance, No. 02120876-1, issued by Defendant, PROGRESSIVE.

8. The said policy of insurance was issued in the State of Indiana.

9. On or about March 31, 2014, TJ, as Lessee, pursuant to a "Subcontract Agreement," leased a commercial dump truck from AUSTGEN. *See,* Exhibit "A."

10. AUSTGEN. was a named insured under the Commercial Auto Policy, No. 60441362, issued by Plaintiff, UNITED FIRE.

11. That on April 29, 2014, the aforementioned dump truck leased to TJ was involved in a motor vehicle accident occurring in Saint John, Lake County, Indiana, which resulted in injuries being sustained by Ronald Hedrick and Caroline Hedrick, and a lawsuit being filed against both AUSTGEN and TJ.

12. A controversy exists between UNITED FIRE and PROGRESSIVE as to which policy provided primary coverage, and thus was responsible for providing a defense in a lawsuit filed by the Hedricks in Lake County, Indiana.

13. The "Subcontract Agreement," at Section 10.1, provided as follows:

Subcontractor's Insurance. Prior to start of the Subcontractor's Work, the Subcontractor shall procure for the Subcontractor's Work and maintain in force Worker's Compensation and Employer's Liability Insurance, Automobile Liability Insurance, Commercial General Liability Insurance and all insurance required of the Subcontractor under the Contract Documents. Evidence of required insurance shall be furnished to the Contractor prior to the commencement of the Work.
The Contractor (its parents, subsidiaries, and related corporations), Owner and Architect/Engineer, and others as provided in the Contract Documents, shall be named as Additional Insured on each of these policies except for Worker's Compensation. Failure by the Contractor to request Subcontractor to fulfill this requirement is not a waiver of this requirement. Subcontractor's insurance policies shall state that they are primary and not additional to, or contributing with, any other insurance carried by, or for the benefit of the Additional Insured. Any such insurance maintained by an Additional Insured shall be excess of that maintained by Subcontractor…

14. Pursuant to the "Subcontract Agreement" and the respective insurance policies, PROGRESSIVE, as the insurer for TJ, was the primary carrier in the case filed by the Hedricks, and was obligated to provide primary insurance coverage for any liability, as well as a defense, to AUSTGEN with respect to the aforementioned motor vehicle accident.

15. I.C. §27-8-9-9 states as follows:

Primary Coverage For Leased Vehicles.

(a) When a claim arises from the operation of a motor vehicle leased under a written agreement, if under the agreement the lessee agrees to provide coverage for damage resulting from his operation of the vehicle, then the motor vehicle insurance coverage of the lessee is primary. No claim may be made against any coverage available for the vehicle by the lessor until the limits of the motor vehicle insurance coverage provided by the lessee for the vehicle are exhausted.
(b) When a claim arises from the operation of a motor vehicle that is being used in the business of transporting property for hire and leased under a written lease agreement, if under the agreement the lessor and lessee agree as to which coverage of the parties' motor vehicle insurance is primary coverage, then the policy of

3

insurance providing that coverage is primary and no claim may be made by any coverage for the vehicle until the limits of that policy are exhausted.

PROGRESSIVE, as insurer for TJ, was the primary carrier with respect to the Hedrick litigation, and was to thus provide a defense to AUSTGEN in that litigation.

16. UNITED FIRE tendered the defense of AUSTGEN to PROGRESSIVE once AUSTGEN became a party to the Hedrick litigation, and due to a lengthy delay by PROGRESSIVE in accepting the tender of defense, UNITED FIRE expended sums for costs and attorney's fees for AUSTGEN which it has asked for reimbursement from PROGRESSIVE. PROGRESSIVE has denied payment of the fees and costs expended by UNITED FIRE.

WHEREFORE, Plaintiff, UNITED FIRE & CASUALTY COMPANY, prays that this Court enter a declaratory judgment as follows:

A. That said PROGRESSIVE policy if insurance afforded primary coverage for AUSTGEN in the Hedrick litigation;

B. That PROGRESSIVE had the primary obligation to provide a defense to AUSTGEN, pursuant to the terms of the "Subcontract Agreement" and Indiana law;

C. That PROGRESSIVE, as the carrier with primary coverage, was responsible for the fees and costs in defending AUSTGEN in the Hedrick litigation; and,

D. For all other just and proper relief.

## COUNT II-TJ MATERIALS, LLC
### (CONTRACT)

17. UNITED FIRE realleges the allegations set forth in paragraphs seven through sixteen as paragraph seventeen of this Count II.

18. Section 9.1 of the "Subcontract Agreement" provided as follows:

*Indemnification.* To the fullest extent permitted by law, Subcontractor shall indemnify, defend and hold harmless the Contractor, Owner, Architect/Engineer, their parents,

4

members, subsidiaries, related corporations and any other entity as provided in the Contract Documents (hereinafter "Indemnified Parties") and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, but only to the extent caused or alleged to be caused in whole or in part by the negligent acts or omissions of the Subcontractor, anyone directly or indirectly employed by the Subcontractor or anyone for whose acts the Subcontractor may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.

19. At the time of the accident from which the Hedrick litigation arose, the leased vehicle was being operated for the business of TJ.

20. As such, TJ, under the terms of the "Subcontract Agreement," had the contractual duty to indemnify and defend AUSTGEN in the Hedrick litigation, specifically including the payment of attorneys' fees.

21. Due to TJ and its insurer's failure to initially accept the tender of defense from UNITED FIRE, UNITED FIRE expenses sums of money on attorneys' fees to defend AUSTGEN in the Hedrick litigation.

22. UNITED FIRE paid One Hundred Thirty-Nine Thousand Eighty-One Dollars and Sixty-Two Cents ($139,081.62) in fees and costs for the defense of AUSTGEN in the HEDRICK litigation.

23. UNITED FIRE made a demand on TJ and its carrier to reimburse UNITED FIRE of for the sums it paid for the defense of AUSTGEN in the Hedrick litigation, but the demand was rejected.

24. Pursuant to the terms of the UNITED FIRE policy with AUSTGEN, to the extent UNITED FIRE makes payments under the policy and has rights to recover damages from another, those rights are transferred from AUSTGEN to UNITED FIRE. Thus, UNITED FIRE is

subrogated to the rights of AUSTGEN to recover the attorneys' fees and costs paid by UNITED FIRE to defend AUSTGEN in the Hedrick litigation.

25. TJ, pursuant to the terms of the "Subcontract Agreement" must reimburse UNITED FIRE of the One Hundred Thirty-Nine Thousand Eighty-One Dollars and Sixty-Two Cents ($139,081.62) in fees and costs paid by UNITED FIRE for the defense of AUSTGEN in the HEDRICK litigation.

WHEREFORE, Plaintiff, UNITED FIRE & CASUALTY COMPANY, prays that this Court enter judgment against Defendant, TJ MATERIALS, LLC, in the sum of One Hundred Thirty-Nine Thousand Eighty-One Dollars and Sixty-Two Cents ($139,081.62), plus any other relief deemed just and proper.

/s/ Brian T. Bailey
Brian T. Bailey
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
(312) 322-9900
bbailey@nzalaw.com

COUNSEL FOR PLAINTIFF
UNITED FIRE & CASUALTY COMPANY