UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, individually and a/s/o AUSTGEN EQUIPMENT, INC., | ) ) ) ) |
| Plaintiff, | ) Case No. 2:22-cv-105 |
| v. | ) ) ) |
| PROGRESSIVE SOUTHEASTERN INSURNACE COMPANY and T.J. MATERIALS, LLC, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on a Motion for Partial Summary Judgment filed by the plaintiffs, United Fire & Casualty Company, individually, and Austgen Equipment, INC., on August 1, 2022. For the following reasons, the Motion is **DENIED.**

*Background*

The plaintiffs, United Fire & Casualty Company (United) and Austgen Equipment, INC. (Austgen), initiated this matter on April 26, 2022, against the defendants, Progressive Southeastern Insurance Company (Progressive) and T.J. Materials, LLC (T.J. Materials). United alleged that Progressive, pursuant to a lease agreement and Indiana law, was the primary insurer for Austen and the truck operator, David Clark, and should have accepted tender of the defense during the state court litigation.

On February 13, 2014, Terri Clark purchased a 2005 Mack, Triaxle dump truck (Unit 400) from Austgen. *Plaintiff's Response to Defendant's Statement of Additional Material Facts* [DE 27] at 1, ¶ 12. Thereafter, Unit 400 was exclusively contracted to Austgen for use on various

1

projects. *Id.* at 2, ¶ 13. An Austgen employee, Clark, was assigned to be the driver for Unit 400. *Id.*

On April 1, 2014, Austgen entered into a Subcontract Agreement with T.J. Materials to subcontract two (2) dump trucks, including Unit 400. *Id.* at 2, ¶ 13. At that time, T.J. Materials was a named insured under a commercial policy with Progressive. *Defendant's Response to Statement of Material Facts* [DE 23] at 2, ¶ 2.

On April 29, 2014, Clark drove Unit 400 to the Lake Central job site where Austgen was hauling materials away from the site. Normally, Clark would arrive at the job site and wait to be loaded. Once loaded, the operator of the construction equipment would honk his horn, and Clark would pull away to another part of the site where he would not interfere with active work. *Plaintiff's Response to Defendant's Statement of Additional Material Facts* [DE 27] at 5, ¶ 23. At that time, Clark would get out of the truck and perform a walk around to make certain that debris was not falling out of the back of the dump truck and to ensure that nothing would fall out when the truck was operated on the roadway. *Id.*

However, on April 29, 2014, while Clark was being loaded, Ronald Hedrick noticed that material was hanging out of the bed of the tuck. *Id.* at 5, ¶ 24. Hedrick accessed the side of Unit 400, grabbing a bar on the truck in the process. *Id.* Before Clark could advise Hedrick to stay off the truck, the bar broke away due to the accumulation of rust and improper fixation. *Id.* Hedrick fell to the ground, allegedly sustaining injuries. *Id.*

Thereafter, Hedrick filed a complaint in state court against various entities, including T.J. Materials, Austgen, and Clark. *Id.* at 6, ¶ 25. Austgen tendered the Hedrick claim to United for a defense. *Defendant's Response to Statement of Material Facts* [DE 23] at 5, ¶ 11. The complaint

2

later was amended on October 27, 2015. *Plaintiff's Response to Defendant's Statement of Additional Material Facts* [DE 27] at 6, ¶ 25.

After conducting discovery and disclosing experts, Hedrick's attorney served a Preliminary Trial Rule 26(B)(4) Expert Disclosure on the state court defendants. *Plaintiff's Response to Defendant's Statement of Additional Material Facts* [DE 27] at 6, ¶ 27. The Disclosure contained the opinions of two expert witnesses Hedrick would call at trial regarding the cause of Hedrick's injuries. *Id.* at 6-7, ¶ 27.

On February 8, 2019, counsel for Clark reached a settlement with Hedrick on behalf of all remaining defendants, T.J. Materials and Austgen. *Id.* at 7, ¶ 28. Clark and Progressive funded the settlement of $500,000. *Id.* United also spent sums in its defense of Austgen, but it has not provided supporting documentation relative to the amount. *Defendant's Response to Statement of Material Facts* [DE 23] at 5, ¶ 11.

United and Austgen have moved for partial summary judgment, arguing that Progressive should have provided primary coverage for Austgen and Clark in the state court litigation. Progressive and T.J. Materials filed a response in opposition on October 5, 2022. United and Austgen filed a reply on November 4, 2022.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 56(a)**, summary judgment is proper only if it is demonstrated that "there is no genuine disputed as to any material fact and the movant is entitled to judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986); **Garofalo v. Vill. Of Hazel Crest**, 754 F.3d 428, 430 (7th Cir. 2014); **Kidwell v. Eisenhauer**, 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson**, 569 F.3d 779, 786 (7th Cir. 2009). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party

3

to establish that no material fact is in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); **Stephens**, 569 F.3d at 786.

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." *Marr v. Bank of America, N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); see also *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would conceive a trier of fact to accept its version of the events."). The non-moving party cannot rely on conclusory allegations. *Smith v. Shawnee Library System*, 60 F.3d 317, 320 (7th Cir. 1995). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial")

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764-65 (7th Cir. 2014). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC,* 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

As stated above, United and Austgen are moving for partial summary judgment, arguing that the Progressive policy was the primary coverage for Austgen and Hendrick in the state court litigation and that Progressive should reimburse United for the sums expended in providing a defense. United and Austgen's sole argument is that Indiana Code §27-8-9-9(b) required Progressive to provide primary coverage with respect to Austgen and any vehicle operator, so they are entitled to reimbursement for the cost of defense.

Under Indiana Code §27-8-9-9(b):

> (b) When a claim arises from the operation of a motor vehicle that is sued in the business of transporting property for hire and leased under a written lease agreement, if under the agreement the lessor and lessee agree as to which coverage of the parties' motor vehicle is primary coverage, then the policy of insurance providing that coverage is primary no claim may be made against any other coverage for the vehicle until the limits of that policy are exhausted.

It is undisputed that Progressive issued the standard policy covering the operation of Unit 400 pursuant to a construction contract.

In order for Indiana Code §27-8-9-9(b) to be applicable, United and Austgen must demonstrate that Clark was operating Unit 400 when Hedrick was injured. ***Cent. Mut. Ins. Co. v. Motorists Mut. Ins. Co.***, 23 N.E.3d 18, 26 (Ind. Ct. App. 2014); ***Johnson v. Wilson***, 185 F. Supp. 2d 960, 965 (S.D. Ind. 2002). According to the Indiana Motor Vehicle Code, to "operate" means to navigate a vehicle, motorboat, off-road vehicle, or snowmobile.

When viewing the evidence in light most favorably to the non-moving party, the evidence shows that Clark was not operating Unit 400 when Hedrick was injured. Clark was waiting to be loaded when Hedrick grabbed the defective handle on Unit 400 and sustained his injuries. Based on these facts, Indiana Code §27-8-9-9(b) is not applicable because Clark was not *operating* his vehicle at the time of Hedrick's accident. ***Cont'l W. Ins. Co. v. Reliance Nat. Indem. Co.***, 141 F. Supp. 2d 968, 972 (N.D. Ind. 2001).

A reading of the state court complaint confirms that the Progressive policy did not cover Hedrick's injuries. During the state court discovery, Hedrick identified two trial experts in support of his theory of liability, Frank Burg and Thomas Quinn. *Defendant's Response to Statement of Material Facts* [DE 23], ¶ 27. Both reports stated that the handle on Unit 400 was in a defective condition and that Austgen and Clark negligently failed to conduct a safety inspection before using it at the job site. In other words, Hedrick was challenging the condition of the equipment at the construction site, and nothing in the state court proceedings alleged the negligent operation of Unit 400.

Indiana Code §27-8-9-9(b) is directed to the situation where the contractor and the subcontractor have liability insurance policies under a construction contract. Before the statute applies, both insurance policies arguably have to provide coverage. In this case, the Progressive policy provided liability for the operation of Unit 400 but not for any defective condition unrelated to its operation. Therefore, Indiana Code §27-8-9-9(b) is not applicable.

Based on the foregoing reasons, the Motion for Partial Summary Judgment is **DENIED**. ENTERED this 28th day of March, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge